UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEYSHIA ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>BON APPETIT MANAGEMENT CO.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:22-CV-01442-JPB |

## **ORDER**

This matter is before the Court on Bon Appetit Management Co.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint [Doc. 4] and Keyshia Rogers's ("Plaintiff") Motion for Clerk's Entry of Default [Doc. 16] and Motion for Default Judgment [Doc. 17]. This Court finds as follows:

## **BACKGROUND**

Plaintiff filed this action against Defendant on March 8, 2022. [Doc. 1-1]. In her Complaint, Plaintiff seemingly asserts only one cause of action—negligent retention of an employee. Id. at 3. Plaintiff alleges that Defendant, her former employer, negligently retained two supervisors who bullied and harassed her. Id. She further alleges that the supervisors violated her personal space and caused her

harm by excessively micromanaging her.  Id.  Ultimately, Plaintiff seeks to recover $8 million from Defendant.  Id. at 4.

After removing the action to this Court, Defendant filed its Motion to Dismiss Plaintiff's Complaint on April 19, 2022.  [Doc. 4].  On June 28, 2022, Plaintiff filed her Motion for Clerk's Entry of Default and Motion for Default Judgment (the "Motions for Default Judgment").  [Doc. 16; Doc. 17].  The motions are ripe for review.[1]  Below, the Court will address the Motions for Default Judgment and the Motion to Dismiss in turn.

## MOTIONS FOR DEFAULT JUDGMENT

Plaintiff alleges that she is entitled to a default judgment because Defendant did not timely answer her Complaint.  More specifically, Plaintiff contends that Defendant's answer was not filed within thirty days from service permitted under state law or twenty-one days from service allowed under federal law.  In response, Defendant argues that it is not in default.

Federal Rule of Civil Procedure 81(c) governs removed actions.  In cases where a defendant does not answer an action before it removes the case to federal

---

[1] On May 19, 2022, Plaintiff filed her response to Defendant's Motion to Dismiss.  [Doc. 8].  The filing was not timely.  On May 26, 2022, Plaintiff filed a Motion for Extension of Time and Excusable Neglect, [Doc. 10], wherein she apologized for missing the deadline and asked the Court to consider her untimely submission.  The Court will consider Plaintiff's untimely response, and therefore the motion is **GRANTED**.

court, Rule 81(c) provides that a defendant must answer or present other defenses within the longest of the following periods:

> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for the initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

In this case, Plaintiff served Defendant on March 15, 2022. [Doc. 16]. On April 13, 2022, before filing an answer, Defendant timely removed the action to this Court.[2] Just six days later, on April 19, 2022, Defendant filed its Motion to Dismiss. The Court finds that Defendant's Motion to Dismiss was timely under Federal Rule of Civil Procedure 81(c) because Defendant filed it within seven days of filing the notice of removal. Accordingly, Defendant is not in default, and the motions for default are **DENIED**.

## MOTION TO DISMISS

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint is subject to dismissal for failure to state a claim. Indeed, Defendant contends that Plaintiff has not pled the elements of a negligent supervision or negligent retention

---

[2] 28 U.S.C. § 1446 states that a "defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."

claim. According to Defendant, "if [Plaintiff] had not written those words in her Complaint, it would have been absolutely unclear what she was trying to plead." [Doc. 4-1, p. 3]. In response, Plaintiff asks the Court not to dismiss her Complaint. Plaintiff explains that her Complaint lacks detail because she used a form provided by the Fulton County Superior Court that had limited space to provide complete information regarding her claim. [Doc. 8].

**A.    Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Traylor v. P'ship Title Co., 491 F. App'x 988, 990 (11th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).

In deciding whether Plaintiff has stated a claim for negligent retention under Georgia law, it is important to recognize that Plaintiff is proceeding *pro se*, and therefore this Court has an obligation to "liberally construe" her pleadings. Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 383 F. App'x 635, 637 (11th Cir. 2010). Importantly, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. Rodriguez v. Scott, 775 F. App'x 599, 601 (11th Cir. 2019).

**B.    Analysis**

As stated previously, Plaintiff alleges only a single cause of action— negligent retention of an employee. In Georgia, a claim for negligent retention arises when an employer negligently retains an employee and that employee subsequently harms the plaintiff. Farrell v. Time Serv., Inc., 178 F. Supp. 2d 1295, 1300 (N.D. Ga. 2001). To establish such a claim, a plaintiff must allege that the employer "knew or should have known the employee was not suited for the particular employment." Underberg v. S. Alarm, Inc., 643 S.E.2d 374, 377 (Ga. Ct. App. 2007).

Even with the leniency afforded to *pro se* litigants, Plaintiff has not alleged sufficient facts to establish a claim for negligent retention.  Here, Plaintiff failed to identify which employees bullied and harassed her, and Plaintiff failed to provide any factual detail regarding any tortious actions by those unnamed employee(s) or any facts that would establish that Defendant knew or should have known of the unnamed employee's propensity to engage in the unspecified conduct.  While Plaintiff seems to claim that she was "bullied" and "harassed" and that Defendant did not protect her from this conduct, Plaintiff does not allege how the behavior continued or repeated itself after Defendant was put on notice.  Importantly, Plaintiff does not explain how she was harmed and merely prays for multiple types of damages in the amount of $8 million.  Ultimately, Plaintiff has failed to state a claim, and therefore Defendant's Motion to Dismiss is **GRANTED**.

## OPPORTUNITY TO AMEND

Even though Plaintiff's Complaint fails to state a claim, the Court must analyze whether Plaintiff is permitted to amend her Complaint.  Generally, courts are required to afford *pro se* plaintiffs an opportunity to amend before dismissing a case with prejudice "unless the plaintiff expresses a desire not to amend or an amendment would be futile."  Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014).  In this case, Plaintiff has given no indication that she does not want to

amend her Complaint, and it is not clear to the Court that amendment would be futile. The Court will thus grant Plaintiff leave to amend her Complaint.

At a minimum, Plaintiff's amended complaint must include:

1) A background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) Plaintiff must allege each cause of action, clearly identified as such, under a separate count, and underneath each count, in separately numbered paragraphs, provide the relevant facts, including dates, that she believes entitles her to relief. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner with which Defendant's alleged conduct is related to each cause of action.

3) Plaintiff must explicitly request the relief she seeks as well as an explanation of why she is entitled to such relief.

Plaintiff is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem or consider facts alleged in other filings. In short, Plaintiff must ensure that her amendment complies with Federal Rule of Civil Procedure 8 and the directives of this order.

## CONCLUSION

For the reasons explained above, Plaintiff's Motions for Default Judgment [Doc. 16]; [Doc. 17] are **DENIED**, and Defendant's Motion to Dismiss [Doc. 4] is

**GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Court will afford Plaintiff the opportunity to amend her Complaint to adequately plead a specific claim or claims within twenty-one days of the date of this Order. Plaintiff is notified that the failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the entire action with prejudice. The Clerk is **DIRECTED** to resubmit this matter in the event an amended complaint is not timely filed.

**SO ORDERED** this 8th day of December, 2022.

J. P. BOULEE
United States District Judge