UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEYSHIA ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>BON APPETIT MANAGEMENT CO.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:22-CV-01442-JPB |

# ORDER

This matter is before the Court on Bon Appetit Management Co.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint [Doc. 25]. This Court finds as follows:

## BACKGROUND

On March 8, 2022, Keyshia Rogers ("Plaintiff") filed this action against Defendant, her former employer, alleging negligent retention of an employee. [Doc. 1-1]. On April 19, 2022, Defendant filed its Motion to Dismiss Plaintiff's Complaint. [Doc. 4]. The Court granted Defendant's motion on December 8, 2022. [Doc. 21]. Specifically, the Court determined that Plaintiff failed to state a claim for negligent retention of an employee because Plaintiff failed to identify the particular employees who mistreated her, failed to identify any factual detail

regarding any tortious activity committed by those employees and failed to plead any facts that would establish that Defendant knew or should have known of the unidentified employees' propensity to engage in the unspecified tortious conduct.

Instead of dismissing the complaint, the Court granted Plaintiff leave to amend. Importantly, the Court gave Plaintiff detailed repleading instructions. In pertinent part, the Court told Plaintiff that an amended pleading "must allege each cause of action, clearly identified as such, under a separate count, and underneath each count, in separately numbered paragraphs, provide the relevant facts, including dates, that she believes entitles her to relief." [Doc. 21, p. 7].

Plaintiff filed her First Amended Complaint on December 28, 2022. [Doc. 22]. In the First Amended Complaint, Plaintiff alleges that she was employed by Defendant as a shift cook from August 30, 2019, until March 19, 2020. Id. at 2. During her employment, Plaintiff had at least two supervisors: Preston McNeil and Eddie Barrett. Id. at 2-3.

Plaintiff alleges that McNeil began "bullying and harassing" her in September 2019. Id. at 3. She further alleges that she had "disputes" with McNeil and that these disputes were reported to Executive Chef Michael and Executive Chef Joe. Id. at 4. According to Plaintiff, in January 2020, McNeil criticized her knife cutting skills and pressed his genitals against her buttocks. Id. at 5. As he

did this, McNeil allegedly told Plaintiff that "[t]his will be the end of your job." Id.  Plaintiff contends that this incident caused a commotion that had to be diffused by a manager.  Id.

Plaintiff also asserts that her other supervisor, Barrett, mistreated her.  Id. at 7.  Specifically, Plaintiff claims that Barrett would stare at her "with an angry glare on his face" and would "aggressively" communicate with her.  Id.  Plaintiff alleges that on February 23, 2020, Barrett injured her when he walked by her and "threw his shoulder into" her right shoulder.  Id. at 9.  The next day, Plaintiff went to the emergency room for her injury.  Id.  She also informed her general manager about the incident with Barrett.  Id. at 10.  Significantly, in the discussion with the general manager, the general manager stated that "I've never even heard of an issue with you guys until just now."  Id. at 20.  In response to that statement, Plaintiff said, "[y]eah, because I kept it in."  Id.  Plaintiff asserts that after the February incident, Barrett continued to supervise her until she was laid off on March 19, 2020, due to the COVID-19 pandemic.  Id. at 34, 36.

Plaintiff's First Amended Complaint alleges three causes of action:  (1) negligent supervision; (2) negligent retention; and (3) gross negligence.  On January 31, 2023, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint.  [Doc. 25].  The motion is now ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement. Id. Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). In sum, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at 678). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, a court need not accept as true the plaintiff's

legal conclusions, including those couched as factual allegations.  Iqbal, 556 U.S. at 678.  Accordingly, evaluation of a motion to dismiss requires two steps:  (1) a court must eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are remaining well-pleaded factual allegations, a court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.

The Court notes that Plaintiff is proceeding *pro se*, and therefore this Court has an obligation to "liberally construe" her pleadings.  Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."  Thomas v. Pentagon Fed. Credit Union, 383 F. App'x 635, 637 (11th Cir. 2010).  Importantly, *pro se* litigants must still comply with the Federal Rules of Civil Procedure.  Rodriguez v. Scott, 775 F. App'x 599, 601 (11th Cir. 2019).

## ANALYSIS

Defendant argues that Plaintiff's claims are subject to dismissal.  The causes of action are discussed below.

1. Negligent Supervision & Negligent Retention

Counts One and Two will be discussed together because the same pleading requirements apply to both claims.  In Count One, the negligent supervision count,

Plaintiff seems to allege that Defendant breached its duty of care by failing to properly investigate her allegations that Barrett shoved and injured her.  She further alleges that Defendant breached its duty of care by not holding McNeil responsible for his actions.  Similarly, in Count Two, the negligent supervision count, Plaintiff alleges that Defendant breached its duty of care by retaining Barrett after he aggressively bumped Plaintiff with his shoulder and by retaining McNeil after he violated Plaintiff's personal space.  Plaintiff asserts that Defendant places future employees in danger by retaining these two individuals.

"A claim for negligent hiring, retention or supervision brought pursuant to Georgia law arises when an employer negligently hires, retains or supervises an employee and that employee subsequently harms the plaintiff." Farrell v. Time Serv., Inc., 178 F. Supp. 2d 1295, 1300 (N.D. Ga. 2001).  As a general rule, an employer

> has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's "tendencies" or propensities that the employee could cause the type of harm sustained by the plaintiff.

Munroe v. Universal Health Servs., Inc., 596 S.E.2d 604, 606 (Ga. 2004) (quoting Harvey Freeman & Sons, Inc. v. Stanley, 378 S.E.2d 857, 858 (Ga. 1989)).  Thus, to establish a claim for negligent supervision or retention, Plaintiff must allege

6

facts showing that "the employer knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." Griffith v. Exel, No. 1:14-CV-1754, 2016 WL 8938585, at *31 (N.D. Ga. Feb. 5, 2016). A plaintiff asserting a claim for negligent supervision or retention must also "assert an underlying tort claim that forms the basis of the injury against the plaintiff." Id.

As an initial matter, the Court will assume that Plaintiff has sufficiently pled that Barrett and McNeil committed underlying torts.[1] Plaintiff has not, however, sufficiently alleged that Barrett and McNeil had a propensity to engage in the behavior that resulted in the injuries that Plaintiff allegedly sustained. Plaintiff also has not alleged that Defendant knew or should have known about any such propensity. At most, it seems that Defendant may have been aware of one verbal dispute between Plaintiff and McNeil. Knowledge of verbal disputes alone does not show that Defendant knew of its employees' alleged propensity to engage in any type of improper physical conduct. Importantly, when Plaintiff reported the shoving incident with Barrett, Plaintiff admitted to her manager that she had never disclosed any of her previous problems with Barrett. Indeed, Plaintiff's Amended

---

[1] The Court will assume that Plaintiff alleged an underlying tort by claiming that Barrett bumped into her and injured her shoulder. The Court will further assume that Plaintiff alleged an underlying tort by claiming that McNeil violated her personal space.

7

Complaint contains no allegations that Defendant had any prior knowledge that Barrett or McNeil had committed any improper physical acts against Plaintiff or any other employee before Plaintiff notified Defendant of these incidents.[2] Ultimately, the Court finds that Plaintiff's Amended Complaint fails to state a claim for negligent supervision and negligent retention because the allegations do not show that Defendant knew or should have known of Barrett and McNeil's propensity to engage in certain behavior relevant to Plaintiff's alleged injuries.  To the extent that Defendant's Motion to Dismiss seeks dismissal of Counts One and Two, the motion is **GRANTED**.

2. Gross Negligence

Count Three asserts a claim for gross negligence.  In this final count, Plaintiff alleges that Defendant breached a duty of care owed to her by failing to discipline Barrett and McNeil and by refusing to pay Plaintiff's medical expenses related to her shoulder injury.  It also seems that Plaintiff alleges that Defendant breached its duty by continuing to schedule Barrett to supervise her.

---

[2] It is unclear whether Plaintiff ever notified Defendant of McNeil's alleged improper touching.

To bring a negligence claim, a plaintiff must plead "proof of duty, breach of duty, causation, and damages." Ikola v. Schoene, 590 S.E.2d 750, 753 (Ga. Ct. App. 2003). Under Georgia law, gross negligence is defined as follows:

> In general, slight diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances. As applied to the preservation of property, the term "slight diligence" means that care which every man of common sense, however inattentive he may be, takes of his own property. The absence of such care is termed gross negligence.

O.C.G.A. § 51-1-4.

Here, Plaintiff claims that Defendant did not pay her medical expenses, did not punish the employees who injured her and scheduled her to work with Barrett after her shoulder injury. These allegations fail to establish that Defendant deviated from the degree of care which every person of common sense exercises under the same or similar circumstances. The allegations also fail to establish a causal connection between Defendant's alleged inaction and Plaintiff's injuries. Importantly, Plaintiff has asserted no additional facts beyond those which form the basis of her negligent supervision and retention claims. See Diamond v. Morris, Manning & Martin, LLP, No. 1:09-CV-2894, 2010 WL 11507021, at *4 (N.D. Ga. May 24, 2010) (finding that the gross negligence claim was subject to dismissal because the plaintiff failed to plead facts separate and independent from her claim

of negligent supervision, hiring, training and retention).  Thus, to the extent that Defendant's Motion to Dismiss seeks dismissal of Plaintiff's gross negligence claim, the motion is **GRANTED**.

## CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 25] is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED**.  All other pending motions [Docs. 31, 35, 36, 40 and 46] are **DENIED**.[3]  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 19th day of July, 2023.

_____
J. P. BOULEE
United States District Judge

---

[3] Plaintiff has filed the following motions:  (1) Motion for Summary Judgment [Doc. 31], (2) Motion for Clerk's Entry of Default [Doc. 35], (3) Motion for Default Judgment [Doc. 36], (4) Motion to Compel Production of Documents [Doc. 40] and (5) Motion for Sanctions [Doc. 46].